UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO: 5:07-CV-002-R

KELLY T. JENKINS, as Personal                                        PLAINTIFF
Representative and Administrator of the
Estate of Robbie Lynn Jenkins

v.

LIVY LEAVELL, JR., et al.                                            DEFENDANTS

## OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion to Alter or Amend (Docket #90). Defendants have responded (Docket #91). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion to Alter or Amend is DENIED.

## BACKGROUND

Plaintiff filed this action on behalf of his deceased wife, Robbie Jenkins ("Jenkins"). At the time of her death, Jenkins was incarcerated at Christian County Jail in Kentucky. Jenkins died of multi-organ failure due to severe pneumonia after having been incarcerated for a total of twelve days. Defendants are judicial officers and jail employees.

Plaintiff's third amended complaint alleged five causes of action: (1) failure to provide medical treatment under 42 U.S.C. § 1983, (2) three state tort claims of negligence, (3) intentional infliction of emotional distress, (4) gross negligence, and (5) conspiracy under 42 U.S.C. § 1985. On August 25, 2008, the Court granted summary judgment in favor of Defendants as to all claims. Plaintiff now moves to alter or amend the Court's decision pursuant to Federal Rule of Civil Procedure 59(e).

## STANDARD

Rule 59(e) allows a party to file a motion to reconsider a final order or judgment within

ten days of entry.  Fed. R. Civ. P. 59(e); *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002).  A court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure 59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice."  *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted).  "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable."  *Id.*  A Rule 59(e) motion to alter does not provide a plaintiff with another opportunity to argue the merits of his case.  *Id.*

## ANALYSIS

Plaintiff argues that the Court's decision granting summary judgment in favor of Defendants improperly ignored evidence demonstrating that Defendants failed to provide Jenkins with medical treatment under 42 U.S.C. § 1983 and conspiracy under 42 U.S.C. § 1985.  As Defendants correctly assert, Plaintiff's motion fails to identify any clear errors of law or present newly discovered evidence.  Nonetheless, in an effort to be thorough, the Court will address Plaintiff's arguments.

**I.      Failure to Provide Medical Treatment Under 42 U.S.C. § 1983**

"To sustain a cause of action under § 1983 for failure to provide medical treatment, [a] plaintiff must establish that the defendants acted with 'deliberate indifference to serious medical needs.'"  *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  To demonstrate deliberate indifference requires evidence of both an objectively serious medical need and that the defendants subjectively possessed a

culpable state of mind in denying medical care. *Gibson v. Moskowitz*, 523 F.3d 657, 661-62 (6th Cir. 2008).

Plaintiff sued Defendants in both their official and individual capacities. In his motion to alter or amend, Plaintiff does not address the Court's analysis of Defendants' liability in their official capacities, nor does he argue that the evidence demonstrates a policy or custom on the part of Defendants in their alleged failure to provide medical treatment to Jenkins. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("in an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law"). Instead, Plaintiff focuses his argument on Defendants' liability in their personal capacities.

The Court granted summary judgment in favor of Defendants in their personal capacities on the basis of qualified immunity. "The key inquiry in analyzing a claim of qualified immunity is whether the defendant's alleged conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Watkins v. City of Southfield*, 221 F.3d 883, 887 (6th Cir. 2000) (quoting *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir.1994)). Because the Court found that there was no evidence that any Defendant "knew of and disregarded a substantial risk of serious harm to [Jenkins's] health and safety," *Watkins*, 273 F.3d at 686, the Court concluded that there was no evidence of the deliberate indifference necessary to establish a violation of Jenkins's right to medical treatment.

To begin, Plaintiff argues that the Court's decision was in error in two broad respects. First, Plaintiff argues that the Court erred in accepting Defendants' theory that Jenkins's methamphetamine use somehow caused her death. Second, Plaintiff argues that the Court erred in concluding that Jenkins never sought medical attention while she was incarcerated.

3

The Court did not accept Defendants' theory that Jenkins's methamphetamine use caused her death in its prior decision. In fact, Jenkins's methamphetamine use was only recited in the background section of the Court's decision. It was not substantively discussed at all. More importantly, whether or not Plaintiff's methamphetamine use caused her death has no impact on the Court's qualified immunity analysis because what particular illness Jenkins suffered from is irrelevant. The relevant inquiry is whether Defendants knew of and disregarded a substantial risk of serious harm to Jenkins's health. To that end, none of Defendants were aware that Jenkins swallowed methamphetamine prior to her arrest until she told Deputy Yeager at that hospital that she had done so. Therefore, whether or not Jenkins's methamphetamine use caused her death played no role in Defendants' subjective beliefs about her medical needs.

As the Court explained in its prior decision, the evidence Plaintiff offered in support of his claim that Jenkins sought medical attention and was denied care while she was incarcerated was either hearsay or inconsistent. Plaintiff now argues that Deputy Jailer Shelia Barfield testified in her deposition that Jenkins made several requests for help but never received any response. Nonetheless, for reasons explained in the Court's prior decision, the actions taken by Defendants subsequent to Barfield's notice of Jenkins's condition did not amount to deliberate indifference. While Plaintiff argues that Defendants could have done more to help Jenkins, Plaintiff has not shown that Defendants' actions amounted to anything more than negligence. *Watkins*, 273 F.3d at 686 ("deliberate indifference is not mere negligence").

Likewise, Plaintiff offers in support of his claim that Jenkins requested medical attention and was denied care is the statement of her treating physician at the emergency room. Dr. Chavda testified in his deposition that,

> Q. You said earlier that Ms. Jenkins told you she had asked for help, is that you stated?
> A. Yes, because she – I vaguely remember, I don't know, but she was telling that she has cough and she was short of breath and she was asking for some medical help which she was in jail.
> Q. Did she tell you who she asked?
> A. I can't tell exact who the person was.

(Chavda Dep. 25:1-8, April 1, 2008). Without more, this evidence is insufficient to raise a question of genuine fact as to whether or not Jenkins asked Defendants for medical attention but was denied treatment. Furthermore, it fails to identify which Defendants allegedly denied Jenkins treatment, an identification that is necessary to determine liability for Defendants in their personal capacities.

Next, Plaintiff disputes the Court's determination that each individual Defendant was entitled to qualified immunity. In regard to the liability of Dolly Chester, Plaintiff argues that the fact that Chester was responsible for processing inmates, when combined with Kelly Jenkins's testimony that Jenkins told him that she saw a nurse when she first arrived at the jail, is sufficient to raise the inference that Chester saw Jenkins and was deliberately indifferent in providing her with care. As the Court explained in its prior decision, these inferences are highly speculative. Moreover, the testimony of Kelly Jenkins is not admissible under Federal Rule of Evidence 803(3) since Jenkins's statements were not about an existing mental, emotional, or physician condition; rather, they were about who provided her with care. For these reasons, the Court declines to alter its ruling as to Dolly Chester.

In regard to Deputy Jailers Burd and Glover, Plaintiff argues that their responses to Jenkins's obvious illness were so ineffective as to raise an inference of deliberate indifference. However, the relevant inquiry in making an qualified immunity determination is whether it

5

would "be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). Plaintiff offers no evidence demonstrating that Burd and Glover acted with deliberate indifference in the care they provided Jenkins.

In regard to Defendants Jailer Leavell, Judge Executive Tribble, and the eight Magistrates, Plaintiff simply states that the record shows that the medical staff at the jail "was virtually nonexistent and that their record keeping practices fell significantly below what is required by law." Again, Plaintiff has produced no evidence that Jenkins ever met with these Defendants, therefore personal liability can only be established if Defendants "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)). In this case, evidence of violations of state regulations pertaining to record keeping are insufficient to establish that these Defendants encouraged or directly participated in the failure to provide Jenkins with medical treatment. For these reasons, the Court declines to alter its ruling as to Defendants Jailer Leavell, Judge Executive Tribble, and the eight Magistrates.

## II.     Conspiracy Under 42 U.S.C. § 1985

Plaintiff argues that the jail engaged in a cover-up when the incident report written by Shelia Barfield was deleted from the jail computer system and Barfield was asked to replace the incident report with one omitting any reference to negligent action or inaction by the jail employees. Plaintiff acknowledges that the record keeping practices of the jail "may not constitute civil conspiracy under § 1985"; nonetheless, he argues that the inconsistent testimony

of Burd as to whether or not he asked Barfield to change her incident report adds credibility to Plaintiff's cover-up argument.

To prove conspiracy under 42 U.S.C. § 1985(2), a plaintiff must "demonstrate that the was 'some racial, and perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Dallas v. Holmes*, 137 F. App'x 746, 753 n.5 (6th Cir. May 12, 2005) (quoting *Kush v. Rutledge*, 460 U.S. 719, 726 (1983)).  While the inconsistent testimony of Burd is troublesome, as the Court explained in its prior decision, Plaintiff has not alleged facts sufficient to establish a valid claim for conspiracy under 42 U.S.C. § 1985(2).  For this reason, the Court declines to alter its ruling.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend is DENIED.

This is a final and appealable order.